UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES III,
        Plaintiff.

V.

WESTERN DISTRICT OF MICHIGAN,
        Defendant.
_____/

Case No.

Hon.

**FILED - GR**
January 7, 2025 1:34 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB  SCANNED BY: KB 1/7

**1:25-cv-27**

**Hala Y. Jarbou**
**Chief U.S. District Judge**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**INTRODUCTION**

1. Plaintiff, David Angel Sifuentes III, a Mexican American, brings this action to challenge the Western District of Michigan's discriminatory application of its local rules, specifically W.D. L.R. 73.2, which unlawfully restrict his right to proceed before an Article III court and a district judge. This discriminatory procedural practice, which automatically refers cases to Magistrate Judges without providing the required notice or an opportunity to opt out, and the Court's subsequent refusal to recognize Plaintiff's attempts to assert his right to an Article III judge, violate Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., and the separation of powers doctrine enshrined in Article III.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3) (civil rights jurisdiction). The Plaintiff

seeks to redress the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because the Defendant resides in this district and the events giving rise to this action occurred in this district.

## PARTIES

4. Plaintiff, David Angel Sifuentes III, is a Mexican American citizen of the United States and a resident of Grand Rapids, Michigan.

5. Defendant, Western District of Michigan, is a federal judicial district of the United States with its principal office located in Grand Rapids, Michigan. It is an entity subject to suit under the cited statutes.

## FACTUAL ALLEGATIONS

6. Plaintiff is a Mexican American who has sought to file multiple civil actions in the Western District of Michigan.

7. Defendant's local rules W.D. L.R. 73.2, while facially neutral, are applied in a discriminatory manner that restricts Plaintiff's right to proceed before an Article III court and a district judge. Despite Local Rules 73.1 and 73.4 mandating that parties be given the option to select their jurisdictional preference via a consent form, Plaintiff has not been provided with this form in multiple cases. This failure, combined with the Court's automatic referral of cases to Magistrate Judges, creates a barrier to Plaintiff's access to an Article III judge.

8. Plaintiff believes he is being discriminated against because of his Mexican American origin. This belief is supported by the Court's repeated refusal to acknowledge Plaintiff's attempts to assert his right to an Article III judge, even after explicitly requesting to proceed before a district judge. This denial of a fundamental right is discriminatory and

2

disproportionately impacts individuals of Mexican American origin due to potential lack of awareness of the opt-out process, language barriers, or historical distrust of the judicial system.

9. The Court's discriminatory application of its local rules has resulted in adverse rulings against Plaintiff, including being designated a "restricted filer" without proper justification. This designation further impedes Plaintiff's access to the courts and ability to litigate his claims. For example, in *Sifuentes v. Dell Technologies Inc.*, Case No. 1:24-cv-00844, the Court dismissed Plaintiff's complaint under the "restricted filer" status and referral status, claiming a lack of diversity jurisdiction without providing adequate explanation.

10. The Court's actions constitute a pattern of discrimination aimed at denying Plaintiff his constitutional right to redress and access to the courts. This discrimination is based solely on Plaintiff's race and ethnicity and has resulted in the unconstitutional dismissal of Plaintiff's lawsuits and the denial of his right to a jury trial.

## LEGAL CLAIMS

### First Claim: Violation of the Equal Protection Clause of the Fourteenth Amendment

11. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs.

12. The Equal Protection Clause of the Fourteenth Amendment prohibits states from denying any person within their jurisdiction the equal protection of the[4] laws. See U.S. Const. amend. XIV, § 1.

13. Defendant's discriminatory application of its local rules violates the Equal Protection Clause by creating an impermissible classification based on national origin. This classification denies Plaintiff access to the courts and subjects him to disparate treatment compared to individuals of other national origins, without a rational basis and in violation

3

of his fundamental right to access the courts. See, e.g., *Plyler v. Doe*, 457 U.S. 202 (1982) (holding that denying undocumented children access to public education violates the Equal Protection Clause); *Griffin v. Illinois*, 351 U.S. 12 (1956) (recognizing the fundamental right of access to the courts).

**Second Claim: Violation of Title VI of the Civil Rights Act of 1964**

14. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs.

15. Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, prohibits discrimination on the basis of national origin in any program or activity receiving federal financial assistance. The Western District of Michigan receives federal financial assistance.

16. Defendant's discriminatory application of its local rules constitutes a discriminatory practice that denies Plaintiff the benefits of a federally funded program or activity on the basis of his national origin, in violation of Title VI. See, e.g., *Lau v. Nichols*, 414 U.S. 563 (1974) (holding that failure to provide English language instruction to non-English speaking students constitutes national origin discrimination under Title VI).

**Third Claim: Violation of the Separation of Powers Doctrine**

17. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs.

18. Article III of the U.S. Constitution vests the judicial power of the United States in Article III courts. Magistrate Judges, while essential to the functioning of the federal judiciary, are not Article III judges.

19. Defendant's local rule W.D.L.R. 73.2, by automatically referring cases to Magistrate Judges without providing notice of the right to opt out and an opportunity to elect to proceed before a district judge, impermissibly expands the jurisdiction and authority of Magistrate Judges beyond that authorized by Article III and the relevant statutes (28

4

U.S.C. § 636). This practice undermines the separation of powers doctrine and infringes on the Plaintiff's right to have his case heard by an Article III judge. See *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982) (holding that Congress cannot vest judicial power in non-Article III courts except in limited circumstances).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:
a. Declare that Defendant's discriminatory application of its local rules, specifically [cite the specific local rule(s)], violates the Equal Protection Clause of the Fourteenth Amendment, Title VI of the Civil Rights Act of 1964, and the separation of powers doctrine enshrined in Article III of the U.S. Constitution;
b. Issue a preliminary and permanent injunction enjoining Defendant from enforcing the aforementioned local rule(s) that unlawfully restrict Plaintiff's right to proceed before an Article III court and a district judge;
c. Order Defendant to implement a system that provides clear and conspicuous notice to all litigants of their right to opt out of Magistrate Judge referral and to proceed before a district judge;
d. Vacate any existing referral of Plaintiff's case to a Magistrate Judge and allow Plaintiff to proceed before a district judge;
e. Vacate the "restricted filer" status imposed on Plaintiff and restore his full access to the courts;and
g. Grant such other and further relief as this Court deems just and equitable.

Respectfully submitted,

By: _____
In Pro Se
David Angel Sifuentes III
439 More St. NE
Unit 2
Grand Rapids, MI 49503
(616) 283-5215

5

Dated: January 7, 2025